USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1679 FRED GIOVINO, ET AL., Plaintiffs, Appellees, v. GEOFFREY D. WYLER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Geoffrey D. Wyler on brief pro se. _________________ Edmond J. Bearor, John W. McCarthy and Rudman & Winchell on brief ________________ ________________ _________________ for appellees. ____________________ February 5, 1998 ____________________ Per Curiam. We have carefully reviewed the record in ___________ this case, including the briefs of the parties and the findings of fact and conclusions of law of the district court. We affirm. We find no error in the district court determination that the 1986 deed conveying land from IP Timberlands Operating Company, Ltd. [IPTO] to International Paper [IP] reserved to IPTO a right to travel over the so-called "outer road." Similarly, the court did not err in determining that the deeds of the other plaintiffs also endowed them with a right to travel over this road.  Me. Rev. Stat. Ann. tit. 33, 201-A has no effect on this issues in this case. By its plain language, section 201-A pertains neither to the creation or the extinction of an easement but only to whether an unrecorded deed provides "actual notice" of an easement to subsequent purchasers. Since the 1986 deed between IPTO and IP was duly recorded, pursuant to Me. Rev. Stat. Ann. tit. 33, 201, the deed itself gave constructive notice of the easement to subsequent purchasers like Wyler. See Westman v. Armitage, 215 A.2d ___ _______ ________ 919, 922 (Me. 1966) (recordation is "constructive notice . . to after purchasers under the same grantor") (citing cases). Finally, the district court did not commit clear error in finding that IPTO's improvements to the outer road constituted reasonable maintenance. -2- Affirmed. ________ -3-